### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

**WILLIAM WHITTAKER**        :    **CIVIL ACTION NO:**
**Plaintiff**

**V.**        :    **JUDGE JAMES D. CAIN**

**ALLSTATE VEHICLE AND**    :    **MAG. JUDGE KATHLEEN KAY**
**PROPERTY INSURANCE COMPANY**
**Defendant**

---

### COMPLAINT FOR DAMAGES AND BREACH OF INSURANCE CONTRACT

    **NOW INTO COURT**, comes Petitioner, **WILLIAM WHITTAKER**, a person of the age of majority whose residence and domicile is in the Parish of Calcasieu, State of Louisiana, with respect represents:

1.

    Made Defendant herein is, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** a foreign insurance company, domiciled in Illinois, whose mailing address is 2775 Sanders Road, Northbrook, Illinois, 60062-7121 authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, the Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

2.

    Subject matter jurisdiction of this action is based upon 28 U.S.C. § 1332 and complete diversity, as Petitioner's claim is in excess of $75,000.00, Petitioner is domiciled in the State of

Louisiana, and Defendant insurer is domiciled in the State of Illinois; further, venue for this action is proper within the Western District of Louisiana, Lake Charles Division, as a substantial part of the events or omissions giving rise to the claim occurred within the Federal District Court for Western District of Louisiana, and Petitioner's immovable and movable property, the subject of the claim, was/is located within the Western District of Louisiana in accord with 28 U.S.C. § 1391(b)(2).

3.

Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, intentionally, purposefully, and voluntarily contracted in Louisiana to provide structure and contents insurance coverage to Petitioner for damage occurring from a hurricane event such as Hurricane Laura. **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** does a substantial amount of business in Louisiana, purposefully conducts business within the State of Louisiana, derives substantial revenues from its purposeful business activities in the State of Louisiana and has sufficient contacts such that *in personam* jurisdiction may be exercised over **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** by this Court.

4.

On August 27, 2020, Hurricane Laura slammed into the Southwest Louisiana coast, devastating the area. The National Weather Service described the hurricane as "the strongest hurricane to affect to Southwest Louisiana, wind damage to buildings and trees was major to catastrophic across

2

Cameron and Calcasieu parishes."[1] The weather tower at the Lake Charles Regional Airport showed a maximum sustained wind of 98 mph and a maximum wind gust of 133 mph.[2] Hurricane Laura caused approximately $12 billion in property damage to Southwest Louisiana and Southeast Texas.[3]

5.

On October 9, 2020, while Southwest Louisiana was still recovering from Hurricane Laura, Hurricane Delta made landfall only twelve (12) miles to the east of where Hurricane Laura made landfall.[4] Delta made landfall as Category 2 storm, dumping approximately fifteen inches of rain in certain areas of Calcasieu Parish.[5]

6.

At all pertinent times, Petitioner was and is the owner of the property located at 121 Orchard Lane, Sulphur, Calcasieu Parish, Louisiana 70663.

7.

Petitioner's property on 121 Orchard Lane, Sulphur, Louisiana, Calcasieu Parish,

---

[1] Donovan Landreneau, *Hurricane Laura*, National Weather Service, NOAA, https://www.weather.gov/lch/2020Laura#:~:text=Laura%20reached%20a%20peak%20intensity,mercury)%20by%208%20PM%20CDT.&text=Laura%20finally%20weakened%20below%20hurricane,track%20data%20of%20Hurricane%20Laura.
[2] *Id.* at https://www.weather.gov/media/lch/events/2020Laura/Wind%20and%20Pressure%20Table%20(Ranked%20by%20Maximum%20Wind%20Gust).pdf
[3] Victoria Dodge, *Hurricane Laura: Louisiana's insured property damage ranges from $8 billion to $12 billion*, Lafayette Daily Advertiser, Aug. 31, 2020 https://www.theadvertiser.com/story/news/local/louisiana/2020/08/31/hurricane-laura-damage-estimates-up-12-billion-insured-losses/5657746002/
[4] Donovan Landreneau, *Hurricane Delta*, National Weather Service, NOAA, https://www.weather.gov/lch/2020Delta
[5] *Id.* at https://www.weather.gov/lch/2020Delta-Rainfall

Louisiana 70663, within the Western District of Louisiana, suffered severe damage as a result of Hurricanes Laura and Delta. As a result of these hurricanes, the property sustained extensive exterior damages including, but not limited to roof damage, window damage which caused water damage to the drywall, ceiling, flooring, and the contents of the home.

8.

At the time of the hurricanes, Petitioner had in effect homeowners insurance policy with **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, covering damage from windstorms to the structure and other structures and contents located at 121 Orchard Lane, Sulphur, Calcasieu Parish, Louisiana, 70663. Under the terms of the homeowners insurance policy Defendant, **ALLSTATE INSURANCE COMAPNY**, is bound to pay for any damages arising out of the windstorms/hurricanes that affect the property listed under the terms of the policy.

9.

Defendant was notified of the loss and was provided with satisfactory proof of Petitioner's loss when it was given full access to inspect all damages at the insured Property.

10.

An adjuster acting on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** inspected the property and documented damages to the dwelling and other structures of the Property. The adjuster was given full access to the Property and his/her inspection was not limited by Petitioner in any way.

4

11.

The inspection of the Property on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statues, La. R.S. §§22:1892 and 22:1973.

12.

The inspection of the Property was inadequate and did not accurately account for the full extent of the damages to the Property. Payments were issued to Petitioner based off the inadequate inspection.

13.

Petitioner was unable to make meaningful repairs to his Property with the insufficient proceeds remitted by **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY.**

14.

Petitioner, at his own cost, acquired the services of his own adjuster to complete a thorough inspection of the damages caused by Hurricanes Laura and Delta and prepare an accurate, complete, and correct estimate of damages.

15.

To date, and despite being provided with satisfactory proof of loss, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** has chosen to underpay the claims. Defendant is therefore in violation of La. R.S. §§22:1892 and 22:1973.

16.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** failed to explain their denial or refusal to unconditionally tender the undisputed amount owed to Petitioner.

17.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** failed to investigate or document their reasons for their denial or refusal to unconditionally tender the undisputed amount owed to Petitioner.

18.

As a result of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to timely and adequately compensate Petitioner for his substantial losses, the Property remains in a state of disrepair.

19.

Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, breached their duty to Petitioner under La. R.S. §§22:1892 and 22:1973 to adjust his claim fairly and promptly and to make a reasonable effort to settle Petitioner's claim. Specifically, Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, knowingly failed to pay the amount of the claim due to Petitioner under the insurance contract as required by Louisiana law after receipt of satisfactory proof of loss from Petitioner, and Defendant's failure to do so was arbitrary, capricious, and without probable cause. **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** is liable in bad faith for failure to deal fairly with their insured, and

6

consequently liable to Petitioner for all damages under the law for property damages sustained by Petitioner due to Hurricanes Laura and Delta, as well as penalties and attorneys' fees pursuant to La. R.S. §22:1973.

20.

Upon information and belief, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** mispresented to Petitioner the terms and conditions of the policy.

21.

Upon information and belief, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** conducted the investigation and claims handling for the Petitioner's claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes La. R.S. §§22:1892 and 22:1973.

22.

Upon information and belief, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** manipulated its pricing software to artificially suppress the cost of repairs below market value.

23.

Upon information and belief **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** purposely or negligently failed to include adequate overhead and profit in its estimates of damages.

24.

Petitioner has incurred and will incur additional expenses in restoring the Property due to **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to timely compensate him for his substantial covered losses.

25.

As a result of Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, breaching its duties under Louisiana law, Petitioner has sustained and/or will sustain additional losses, including but not limited to property damage, loss of use, additional traumatic depreciation, mental anguish, emotional distress, attorney's fees, and court costs.

26.

Petitioner re-alleges and re-avers the allegations contained in paragraphs 1-25, above, as if restated herein.

27.

An insurance contract, the Policy, exist between Petitioner and **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**.

28.

The Policy provides coverage for perils including hurricanes.

29.

Despite having received satisfactory proofs of loss for damages caused by Hurricane Laura and Delta, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** failed to

timely tender adequate insurance proceeds as required by the Policy.

30.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the policy when it failed timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the inspection completed by the adjuster on behalf of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY.**

31.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the policy when it failed to timely tender adequate insurance proceeds after having received satisfactory proofs of a covered loss by way of the multiple demands submitted on behalf of the Petitioner.

32.

By mispresenting the terms and conditions of the Policy, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

33.

By failing to conduct the claims handling for Petitioner's claims in good faith and with fair dealings, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

34.

By manipulating its pricing software to artificially suppress the cost of repairs below market value, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

35.

By failing to include adequate overhead and profit in its estimate of damages, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breached the Policy.

36.

Petitioner has suffered and continues to suffer damages as a result of these breaches of the Policy.

37.

In addition to general and special damages which Petitioner is entitled to recover as a result of Defendant's, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, breach of its duties under Louisiana law, Petitioner is entitled to penalties which are allowed pursuant to statute.

38.

Petitioner re-alleges and re-avers the allegations contained in Paragraphs 1-37 above as if restated herein.

39.

The actions and/or inactions of **ALLSTATE VEHICLE AND PROPERTY**

**INSURANCE COMPANY** in failing to timely and adequately compensate Petitioner for the covered losses under the Policy were arbitrary, capricious and without probable cause; as these terms are used in conjunction with Louisiana's bad faith statutes La. R.S. §§22:1892 and 22:1973, making **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** liable for statutory bad faith penalties.

40.

Under La. R.S. §22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly, failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. §22:1973.

41.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is consider "bad faith" and is in violation of La. R.S. §22:1973.

42.

La. R.S. §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

43.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** is in violation of La. R.S. §§22:1892 and 22:1973 for failing to provide Petitioner adequate payment in

connection with his claim despite having received satisfactory proofs of loss following its own inspection of the Property and following its receipt independent proofs of loss from Petitioner.

44.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** misrepresentation of relevant facts and/or terms of the Policy was in bad faith.

45.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

46.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to pay timely for damages it knew, or should have known, existed at the time it received the independent proofs of loss from Petitioner was in bad faith.

47.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

48.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** failure to include adequate overhead and profit in its estimates of damages was in bad faith.

49.

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S** handling of Petitioner's claim was in bad faith.

50.

Petitioner re-alleges and re-avers the allegations contained in Paragraphs 1-49 above as if restated herein.

51.

Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, has breached the insurance policy/contract as follows:

a.  Failure to pay the full amount of Petitioner's damages as required under the terms of the policy;

b.  Failure to adequately adjust Petitioner's property damages;

c.  Failure to comply with Louisiana Statutory laws regarding an insurer's duty to their insured in a case of property loss;

d.  Failure to pay a valid claim as required by Louisiana statutory law; and

e.  All other acts by **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, which are prohibited by Louisiana statutory law.

52.

As a result of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** breaches of contract, bad faith claims adjusting, and other bad acts, Petitioner has incurred the following, non-exclusive damages:

13

a.  Diminution in value of the Property;

b.  Actual repair costs;

c.  Reimbursement for personal repairs at Property;

d.  Actual cost related to personal property manipulation, cleaning, repair, and/or replacement;

e.  Damages to personal property/contents;

f.  Additional living expenses/loss of use expenses;

g.  Mental anguish;

h.  Penalties delineated in La. R.S. §§22:1892 and 22:1973; and

i.  Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action.

53.

The rights of Petitioner arise out of the activities of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, which occurred within the State of Louisiana, Parish of Calcasieu, and this court therefore has personal jurisdiction over Defendant, subject matter jurisdiction as to the claims asserted herein, and further is a proper venue for these claims.

54.

**WHEREFORE**, Petitioner, **WILLIAM WHITTAKER**, prays that **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** be served with a copy of this Complaint and be duly cited to appear and answer allegations contained therein, and that after

14

expiration of all legal delays and due proceedings had, there be judgment herein in his favor and against Defendant, **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, in just and reasonable sums as prayed for herein, including penalties and attorney fees, together with court costs, legal interest from date of judicial demand until paid, and for all other relief, both general and special, in law and in equity, to which he may show himself justly entitled.

Respectfully Submitted by His Attorneys,

**LARRY A. ROACH, INC.**

Brooke A. Roach (#38880)
Barry A. Roach (#21838)
2917 Ryan Street
Lake Charles, LA 70601
Phone:        (337) 433-8504
Fax :         (330) 433-3196
broach2@larryaroachinc.com

15